IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. RUDNICK & CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| G.F. PROTECTION INC., | ) |
| d/b/a GUARDIAN FALL PROTECTION | ) |
| and, JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

```
FILED: April 01, 2008
08CV1856    AEE
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN
```

### NOTICE OF REMOVAL

Defendant, G.F. PROTECTION INC., D/B/A GUARDIAN FALL PROTECTION, ("G.F. Protection") through its undersigned attorneys, pursuant to 28 U.S.C. §§1446 and 1453(b), hereby removes the above-captioned action, pending in the Circuit Court of Cook County, Illinois, as Case No. 08 CH 07904, to the United States District Court for the Northern District of Illinois. Removal is based upon 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, G.F. Protection states as follows:

1.    Plaintiff R. RUDNICK & CO., on behalf of itself and purportedly for a class of those similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State Court Case"). The State Court Case was given Case No. 08 CH 07904.

2.    The State Court Case alleges a violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA"), violation of the Illinois Consumer Fraud Action ("ICFA"), 815 ILCS 505/2, et seq., and a common law claim for conversion. A true copy of the Complaint, together with its exhibits, and all process and pleadings served is attached hereto as Exhibit A.

1

3.     This Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States, specifically the TCPA.

4.     The State Court Case alleges that Defendant violated §227(b)(1)(C) of the TCPA by sending an unsolicited facsimile.  Plaintiff further alleges that §227(b)(3) provides Plaintiff with a private right of action for violations of the TCPA.

5.     This Court possesses original jurisdiction over all cases arising under the laws of the United States.  28 U.S.C. §1331.  In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute.  See, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449-51 (7th Cir. 2005).

6.     This Court possesses removal jurisdiction under 28 U.S.C. §1441.  TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law. See, Brill at 449.

7.     This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy.  See, 28 U.S.C. §1367.  Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim.  See, 28 U.S.C. §1367(c).

8.     Plaintiff filed the State Court Case on February 28, 2008.  On March 4, 2008, G.F. Protection was served with the Summons and Complaint in the State Court Case on 08 CH 07904.

9.     As such this notice is being filed with the U.S. District Court for the Northern District of Illinois on April 1, 2008 within 30 days of determining that the case was removable to this Court.  See, 28 U.S.C. §1446(b).

10.    This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

11.    G.F. Protection is the only named defendant and the only defendant to have been served.  Purported Defendants "John Doe Nos. 1-10" are unknown even to Plaintiff, and have not been served, nor any other summons issued.

12.    Defendant G.F. Protection has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County.  A true copy of the Notice is attached hereto as Exhibit B and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

13.    This Notice of Removal is signed in compliance with Fed. R. Civ. Pro. 11.

14.    In the event Plaintiff moves for remand, or this Court considers remand sua sponte, G.F. Protection respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this Action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.


DATED: April 1, 2008                          Respectfully Submitted,

                                              G.F. PROTECTION D/B/A GUARDIAN
                                              FALL PROTECTION
                                              Defendant,


                                              By: ___/s/ Stephanie W. Tipton_____
                                                  One of its Attorneys


Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606

312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED–1

2008 FEB 28 PM 4: 13
CIRCUIT COURT OF COOK
COUNTY ILLINOIS
CHANCERY
CLERK

R. RUDNICK & CO.,

    Plaintiff,

    v.

GF PROTECTION INC.,
d/b/a GUARDIAN FALL PROTECTION,
and JOHN DOES 1-10,

    Defendants.

08CH07904

## COMPLAINT — CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.    Plaintiff R. Rudnick & Co. brings this action to secure redress for the actions of defendant GF Protection Inc., doing business as Guardian Fall Protection, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

08CV1856   AEE
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

## PARTIES

3.      Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in

Wheeling, Illinois, where it maintains telephone facsimile equipment.

4.      Defendant GF Protection Inc., which conducts business under the name of

"Guardian Fall Protection," is a corporation chartered under the laws of Washington. Its

registered agent and office are SEL Inc., 800 5th Avenue, Suite 4000, Seattle, WA 98104-3179.

5.      Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below. Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.      Have committed tortious acts in Illinois by causing the

transmission of unlawful communications into the state.

    b.      Have transacted business in Illinois.

## FACTS

7.      On or about February 12, 2007, plaintiff R. Rudnick & Co. received the

unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.      On or about April 9, 2007, plaintiff R. Rudnick & Co. received the

unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

9.      On or about September 26, 2007, plaintiff R. Rudnick & Co. received the

unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

2




10.    Discovery may reveal the transmission of additional faxes as well.

11.    Defendant GF Protection Inc. is responsible for sending or causing the sending of the fax.

12.    Defendant GF Protection Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14.    Exhibits B and C, attached hereto, each refer to a website used by defendant.

15.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

16.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

17.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

19.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

3

## COUNT I – TCPA

20.    Plaintiff incorporates ¶¶ 1-19.

21.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

22.    The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

23.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

24.    Plaintiff and each class member is entitled to statutory damages.

25.    Defendants violated the TCPA even if their actions were only negligent.

26.    Defendants should be enjoined from committing similar violations in the

4

future.

## CLASS ALLEGATIONS

27. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant OF Protection Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant OF Protection Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant OF Protection Inc., and in either case were also provided an "opt out" notice that complies with federal law.

28. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.    The manner in which defendants compiled or obtained their list of fax numbers;

    c.    Whether defendants thereby violated the TCPA;

    d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.



.c.     Whether defendants thereby converted the property of plaintiff.

30.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

31.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32.     Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

33.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Actual damages;

6

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

34.    Plaintiff incorporates ¶¶ 1-19.

35.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

36.    Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

37.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

38.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

39.    Defendants engaged in such conduct in the course of trade and commerce.

40.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax

7

broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

41.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

42.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant GF Protection Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant GF Protection Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant GF Protection Inc., and in either case were also provided an "opt out" notice that complies with federal law.

44.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

8

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

46.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

48.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

9

    d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

49.   Plaintiff incorporates ¶¶ 1-19.

50.   By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

51.   Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

52.   By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

53.   Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

54.   Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

55.   Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

56.   Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf

10

of defendant GF Protection Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant GF Protection Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant GF Protection Inc., and in either case were also provided an "opt out" notice that complies with federal law.

57.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

58.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby committed the tort of conversion;

      d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA;

      e.    Whether defendants thereby converted the property of plaintiff.

59.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

60.    A class action is an appropriate method for the fair and efficient

11

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

61.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax

advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

# GUARDIAN
## FALL PROTECTION
### PERFORMANCE SAFETY GEAR

# Phone - 614.794.9005

# The new and improved Universal Harness



**$34.99**
Suggested Retail

**Meets all applicable OSHA/ANSI standards**

- Features "No Loose Ends" shoulder straps
- Five points of adjustment
- Notched pass through buckles
- Sub pelvic strap
- Impact Indicator
- Larger D ring
- Reinforced back pad

For more information and to locate a distributor near you, please contact

Sutton Ignash, National Account Executive

Phone - 614.794.9005

Email - Sutton@guardianfall.com

To have your fax number removed from our list, please call 1-866-797-3303

# EXHIBIT B

4/9/87 18:21    B667338178    Safety Director

# SAFE-T LADDER SYSTEM



**SRP $199.00**

**Meets OSHA/ANSI Standards**

**No Drilling - Does not void the ladder warranty - Fits 99% of industrial extension ladders**

The most awkward and dangerous part of using any extension ladder is entering and exiting at the top. It's an accident just waiting to happen. IN FACT, ALMOST 80% OF ALL FALLS FROM LADDERS HAPPEN AT THE TOP WHILE TRANSITIONING ON AND OFF THE LADDER.

<u>SOLVING THIS SAFETY ISSUE WAS AT THE HEART OF OUR SAFE-T LADDER CONCEPT.</u>

Designed to attach over the top of the ladder, the Guardian Safe-T Ladder requires no tools, drilling or bolting to hold it securely in place. The Safe-T Ladder is designed with an off setting right and left flair that allows for safer transition on and off the top of the ladder even if you're wearing a tool belt.

sutton@guardianfall.com    Sutton Maria Ignash - National Account Executive
www.guardianfall.com       Office: 614.794.9905 Fax: 866.733.8170

If you cannot reach me by fax or in the inquiry,
phone toll 866.322.3118 ext 41530

## GUARDIAN
FALL PROTECTION
PERFORMANCE SAFETY GEAR

# EXHIBIT C

Case 1:08-cv-01856   Document 1-2   Filed 04/01/2008   Page 19 of 19

9/25/07 10:03      866 739170        safety/purchasing           p 1/1

# Are You Prepared To Comply With The New, *Voluntary*, ANSI Z-359 Standard?

On October 15th, 2007 the new, **VOLUNTARY** ANSI Z-359 standard will become effective. First & foremost, it addresses general industry and does NOT impact construction trades. It is completely voluntary and, as such, is recommended, but NOT enforceable by OSHA.

## Don't Be Fooled By A Misleading Sales Pitch, Get The Facts!
Three of the most significant changes that the new standard introduces:

1. Gate Strength for all snaphooks and carbiner connectors increases to 3,600lbf. This is a 1000% increase.

2. Each leg lanyards will be tested to maintain a smooth calculation at the point of connection between the legs.

3. Full Body harnesses with frontal attachment points will now be rated for limited fall arrest up to 2 foot free fall and a 300lbf maximum arrest force.

## Do You Have All Of The Facts?
### Call Guardian Fall Protection For The Real Answers!
Our Knowledgeable Sales Staff Will Answer Your Questions.

We offer contractors a Trade-In program for all lanyards and retractables that don't meet the new ANSI Z-359 standards.

If you decide to comply, Guardian Fall Protection can help you get the right information and equipment for your needs.

www.guardianfall.com

# GUARDIAN
## FALL PROTECTION
### PERFORMANCE SAFETY GEAR

Nick
National Account Executive
(814) 794-0372
nickn@guardianfall.com

Sutton
National Account Executive
(814) 794-9005
sutton@guardianfall.com

To have your number removed from our fax list, please call 866.322.3158 ext. 41530

08CV1856   AEE
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| R. RUDNICK & CO., | ) |
| Plaintiff, | ) |
| | ) No. 08 CH 07904 |
| v. | ) |
| | ) |
| G.F. PROTECTION INC., | ) |
| d/b/a GUARDIAN FALL PROTECTION | ) |
| and, JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:  Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Michelle R. Teggelaar
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

PLEASE TAKE NOTICE that on April 1, 2008, Defendant G.F. Protection d/b/a Guardian Fall Protection, a corporation, filed in the United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal of the cause styled: *R. Rudnick & Co., v. G.F. Protection, Inc., d/b/a Guardian Fall Protection and John Does 1-10.,* bearing Case No. 08 CH 07904, Circuit Court of Cook County, Illinois, Chancery Division, from Illinois state court to the District Court of the United States for the Northern District of Illinois, Eastern Division, a true and correct copy of which is attached hereto.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois and the filing of this Notice effect the removal of this action, and the above-captioned action may proceed no further in the Circuit Court of Cook County, Illinois, Chancery Division unless and until the case is remanded.

Dated: April 1, 2008

G.F. PROTECTION D/B/A GUARDIAN FALL
PROTECTION
Defendant,

By: _____

One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing Notice of Removal** and attached **Notice of Removal** upon:

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara L. Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 1st day of April, 2008.

Stephanie W. Tipton

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G.F. PROTECTION INC., | ) | |
| d/b/a GUARDIAN FALL PROTECTION | ) | |
| and, JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

```
FILED: April 01, 2008
08CV1856    AEE
JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN
```

### NOTICE OF FILING

TO:    Clerk of the Circuit Court      Daniel A. Edelman
         Cook County, Illinois         Cathleen M. Combs
         Richard Daley Center        James A. Latturner
         50 W. Washington St.         Tara L. Goodwin
         Chicago, IL 60602         Julie Clark
                                 Edelman, Combs, Latturner & Goodwin, LLC
                                 120 S. LaSalle St., 18th Fl.
                                 Chicago, IL 60603

       PLEASE TAKE NOTICE that on April 1, 2008 the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, G.F. Protection Inc., d/b/a Guardian Fall Protection's **Notice of Removal,** a true and correct copy of which is attached hereto and hereby served upon you.

Dated: April 1, 2008

                                 G.F. PROTECTION INC.,
                                 D/B/A GUARDIAN FALL PROTECTION
                                 Defendant,

                                 By: /s/ Stephanie W. Tipton
                                    One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing** and attached **Notice of Removal** upon:

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara L. Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 1st day of April, 2008.


 /s/ Stephanie W. Tipton
Stephanie W. Tipton