**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 cv 1856 |
| | ) | |
| G.F. PROTECTION INC., | ) | Hon. Judge Gottshall |
| d/b/a GUARDIAN FALL PROTECTION | ) | |
| and, JOHN DOES 1-10, | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANT G. F. PROTECTION, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**COUNT I OF PLAINTIFF'S – CLASS ACTION COMPLAINT**

Defendant G. F. PROTECTION, INC., d/b/a GUARDIAN FALL PROTECTION

("G. F. Protection"), by its attorneys for its Answer and Affirmative Defenses to Count I

of Plaintiff R. RUDNICK & CO. ("Rudnick"), Class Action Complaint, states as follows:

1.      Plaintiff R. Rudnick & Co., brings this action to secure redress for the actions of defendant GF Protection Inc., d/b/a Guardian Fall Protection in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER**:   Paragraph 1 is a legal conclusion to which no answer is required. To the

extent that an answer is required, Defendant denies the allegations

contained in ¶ 1.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identity the source and purpose of the unsolicited faxes.

**ANSWER**:   Paragraph 2 is a legal conclusion to which no answer is required. To the

extent that an answer is required, Defendant denies the allegations

contained in ¶ 2.

## PARTIES

3.      Plaintiff R. Rudnick & Co., is an Illinois corporation with offices in Wheeling Illinois, where it maintains telephone facsimile equipment.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶3.

4.      Defendant GF Protection Inc., which conducts business under the name of "Guardian Fall Protection," is a corporation chartered under the laws of Washington.  Its registered agent and office are SEL Inc., 800 5th Avenue, Suite 4000, Seattle, WA 98104-3179.

**ANSWER**:    Defendant admits the allegations contained in ¶4.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 5.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.      Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

   b.      Have transacted business in Illinois.

**ANSWER**:    Defendant denies the allegations contained in ¶ 6.

## FACTS

7.      On February 12, 2007, plaintiff R. Rudnick & Co. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 7.

8.    On April 9, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 8.

9.    On September 26, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 9.

10.    Discovery may reveal the transmission of additional faxes as well.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 10.

11.    Defendant GF Protection Inc. is responsible for sending or causing the sending of the faxes.

**ANSWER**:    Defendant admits to sending Exhibits A, B and C.    Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 11.

12.    Defendant GF Protection Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER**:    Defendant admits to sending Exhibits A, B and C, which are the best

evidence of their content.    Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations

contained in ¶ 12.

13.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 13.

14.    Exhibits B and C, attached hereto, each refer to a website used by defendant.

**ANSWER**:    Defendant admits the allegations contained in ¶ 14.

15.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER**:    Defendant admits that the faxes have a "remove" number at the bottom

and denies the remaining allegations contained in ¶15.

16.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER**:    Defendant lacks sufficient knowledge or information to answer this

paragraph, as the phrase "mass broadcasting of faxes" is ambiguous;

therefore it denies the allegations contained in ¶ 16.

17.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER**:    Defendant admits that it sent Exhibits A-C of the Complaint to at least 40

persons in Illinois and denies the remaining allegations contained in ¶17.

18.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER**:    Defendant denies the allegations contained in ¶ 18.

19.    Furthermore, the "opt out notice" required by the TCPA even when faxes

are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**ANSWER:**    Paragraph 19 is a legal conclusion to which no answer is required. To the

extent that an answer is required, Defendant denies the allegations

contained in ¶ 19.

## COUNT I - TCPA

20.    Plaintiff incorporates ¶¶ 1-19.

**ANSWER**:    Defendant incorporates its Answers to Paragraphs 1-19 as if fully stated

here.

21.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …" 47 U.S.C. §227(b)(1)(C).

**ANSWER**:    Defendant neither admits nor denies the allegations contained in ¶ 21, as

47 U.S.C. §227(b)(1)(C) speaks for itself, and Plaintiff's characterization is

a conclusion of law to which no response is required.

22.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

> **(A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)    an action to recover for actual monetary loss front such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)    both such actions.**

**If the Court finds that the defendant willfully or knowingly violated**

**this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER**:    Defendant neither admits nor denies the allegations contained in ¶ 22, as 47 U.S.C. §227(b)(3) speaks for itself, and Plaintiff's characterization is a conclusion of law to which no response is required.

23.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER**:    Paragraph 23 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 23.

24.    Plaintiff and each class member is entitled to statutory damages.

**ANSWER**:    Paragraph 24 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 24.

25.    Defendants violated the TCPA even if their actions were only negligent.

**ANSWER**:    Paragraph 25 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 25.

26.    Defendants should be enjoined from committing similar violations in the future.

**ANSWER**:    Paragraph 26 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 26.

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), or such shorter period during which faxes were sent by or on behalf of defendant G. F. Protection U.S.A. Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant G. F. Protection U.S.A. Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

**ANSWER**:    Defendant denies the allegations contained in ¶ 27.

28.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to

            the truth of the allegations contained in ¶ 28.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.     The manner in which defendants compiled or obtained their list of fax numbers; and

    c.     Whether defendants thereby violated the TCPA.

**ANSWER**:    Defendant denies the allegations contained in ¶ 29.

30.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER**:    Defendant denies the allegations contained in ¶ 30.

31.     A class action is superior to other alternative methods of adjudicating this dispute.  The interests of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to

bring individual actions.

**ANSWER**:    Defendant denies the allegations contained in ¶ 31.


32.    Several courts have certified class actions under the TCPA, <u>Travel 100 Group. Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30. 2005); <u>ESI Ergonomic Solutions. LLC v. United Artists Theatre Circuit. Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta. Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); <u>see</u> <u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER**:    Defendant neither admits nor denies the allegations contained in ¶ 32, as

the cited cases speaks for themselves and none of them are binding

precedent on this Court.


33.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER**:    Defendant denies the allegations contained in ¶ 33.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

G. F. Protection, Inc. provides no answer to Count II as that Count is currently

subject to a motion to dismiss.

Wherefore, Defendant G. F. Protection requests entry of judgment in its favor

and against plaintiff, R. Rudnick & Company, all costs incurred in defending this claim,

and any further relief this Court deems just and appropriate.

## COUNT III - CONVERSION

G. F. Protection, Inc. provides no answer to Count III as that Count is currently

subject to a motion to dismiss.

Wherefore, Defendant G. F. Protection requests entry of judgment in its favor

and against plaintiff, R. Rudnick & Company, all costs incurred in defending this claim,

and any further relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The TCPA violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for–vagueness doctrine.

### THIRD AFFIRMATIVE DEFENSE

The TCPA violates the excessive fines clause of the Eighth Amendment of the Unites States Constitution.

WHEREFORE, Defendant G. F. Protection requests entry of judgment in its favor and against plaintiff, R. Rudnick & Company, all costs incurred in defending this claim, and any further relief this Court deems just and appropriate

Respectfully submitted,

By:  ___/s/ Stephanie W. Tipton___
One of Its Attorneys

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

9

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of Defendant's Answer to Plaintiff's Amended Complaint on this 28 day of May, 2008 upon:

> Daniel A. Edelman
> Cathleen M. Combs
> James O. Latturner
> Heather A. Kolbus
> Edelman, Combs, Latturner & Goodwin, LLC
> 120 S. LaSalle St., 18th Floor
> Chicago, Illinois 60603
> (312) 739-4200
> (312) 419-0379 Fax

/s/ Stephanie W. Tipton
Stephanie W. Tipton
