## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

R. RUDNICK & CO.,                        )
                                         )
                Plaintiff,               )
                                         )        08 C 1856
        v.                               )
                                         )        Judge Gottschall
GF PROTECTION INC.,                      )
d/b/a GUARDIAN FALL PROTECTION,          )        Magistrate Judge Brown
and JOHN DOES 1-10,                      )
                                         )
                Defendants.              )
                                         )

## FINAL APPROVAL ORDER

1.      On March 16, 2009, this Court preliminarily approved the Class

Settlement Agreement reached between R. Rudnick & Co. ("Plaintiff") and GF Protection Inc.,

d/b/a Guardian Fall Protection ("Defendant").

2.      The Court approved a form of notice for the class. The Court is informed

that actual notice was sent by facsimile by Defendant's administrator to 6,178 Class Members.

There were 915 transmissions that were not successful. A second round of notice was sent to the

Class Members. Plaintiff's counsel's agent sent actual notice to 6,044 Class Members. There

were 1,049 transmissions that were not successful. Class Counsel also posted the Class Notices

on their firm's website, www.edcombs.com. No Class Member requested exclusion and no

objections were filed or received. A total of 245 Class Members submitted valid claim forms.

3.      On November 18, 2009, the Court held a fairness hearing to which Class

Members, including any with objections, were invited. The Court, being fully advised in the

premises, hereby orders:

1

          a.      The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

          b.      The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

4.      The Court finds that the settlement is fair and reasonable, and hereby

approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the

release and the payment by Defendant to create a Settlement Fund of $265,000. The Court

further approves of the distribution of the Settlement Fund as follows:

          a.      Payment of $3,500 to Plaintiff R. Rudnick & Co.

          b.      Payment of $79,500 in attorney's fees and costs.

          c.      After payments set forth in subparagraphs (a) and (b) of this Paragraph, the balance of the Settlement Fund shall be distributed among those members of the Class (excluding Plaintiff) who returned a duly executed claim form that is timely or that is otherwise approved by the Court. Each class member shall be paid $500. Class members shall be paid by check void 60 days after issuance.

          d.      Any amount of the Settlement Fund that remains unclaimed or undistributed, will be distributed in a 50/50 proportion. One half of these funds will revert to the defendant and one half of these funds will be distributed in equal amounts to the following *cy pres* recipients: Northwest Justice Project and the Joshua P. Williams Foundation. These distributions will be made 30 days after the void date on the Class Members' settlement checks.

5.      <u>Plaintiff and Class Members Release</u>:

As of the Effective Date, Plaintiff will forever release, and those Class Members

who do not opt out of the Settlement Class (whether or not such members submit a claim form)

(the "Releasors"), will be deemed to have forever released, GF and their respective agents,

2

independent contractors, employees, officers, directors, partners, shareholders, affiliates, subsidiaries, divisions, parent companies, predecessors in interest, successors in interest, insurers, legal counsel, successors and assigns, and all persons, natural or corporate, in privity with anyone or more of them (the "Released Parties") of and from any and all claims and/or obligations of any kind which are or could be based on, arise from or relate in any way to the Litigation. (referred to in the Agreement and Settlement as the "Released Claims.").

6.      No Class Members have opted out of the Settlement and no Class Members have objected to the Settlement.

7.      The Court finds the Agreement fair and made in good faith.

8.      The Court directs the Defendant to deliver sums equal to the Settlement Fund to Defendant's Administrator within 14 days of today, on or before December 2, 2009.

9.      The Court awards attorney's fees and costs in the amount of $79,500 to Plaintiff's Counsel. Defendant is directed to make payment of Attorney's Fees and Costs to Class Counsel within 14 days of today, on or before December 2, 2009.

10.     Defendant's Administrator shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 14 days of today or on or before December 2, 2009.

11.     Defendant's Administrator to submit a report on final accounting of the Settlement Fund on April 14, 2010.

12.     Plaintiff to submit a memorandum in support of final accounting of the settlement on April 19, 2010.

13.     Defendant's Administrator to provide *cy pres* funds to Plaintiff's Counsel

3

for distribution by March 31, 2010.

        14.    Hearing on Final Accounting of the Settlement and for entry of a final

judgment and order of dismissal on ___April 21___ , 2010 at ___10 : 00 A.M___.

DATE: _11/18/09_        ENTERED: _____

                                           The Honorable Joan B. Gottschall
                                           United States District Judge

4